ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 7 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA       :    **SEALED INDICTMENT**

    - v. -                    :    19 Cr. ____

MADHAWA DUMINDA EDIRISINGHE    :    **19 CRIM 604**
KODITHUWAKKU,
  a/k/a "Kevin," and           :
CHANDANA HERATHMUDIYANSELAGE,  :
  a/k/a "Herath,"              :

      Defendants.            :

- - - - - - - - - - - - - - - X

**COUNT ONE**
(Conspiracy to Commit Immigration Fraud)

The Grand Jury charges:

Background on the Asylum Process

1.   Pursuant to federal immigration law, to obtain asylum in the United States, an alien is required to show that he or she has suffered persecution in his or her country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or has a well-founded fear of persecution if he or she were to return to such country.

2.   Aliens seeking asylum are required to complete and submit a form called a Form I-589 to United States Citizenship and Immigration Services ("USCIS"), an agency within the United States Department of Homeland Security. The Form I-589 requires a detailed and specific account of the basis of the claim to asylum.



If the Form I-589 is prepared by someone other than the applicant or a relative of the applicant, such as an attorney, the preparer is required to set forth his or her name and address on the form. The applicant and preparer are required to sign the petition under penalty of perjury. The applicant must typically apply for asylum within one year of his or her arrival in the United States.

3. After the Form I-589 is submitted, the applicant is interviewed by a USCIS officer (the "Asylum Officer") to determine whether the applicant qualifies for asylum. At the interview, the applicant can present witnesses or documentation in support of his or her asylum claim. After the interview, the Asylum Officer determines whether the applicant qualifies for asylum, and that determination is then reviewed by a supervisory officer within USCIS.

4. If an applicant is granted asylum, he or she receives a completed Form I-94 that reflects that USCIS has granted him or her asylum status. The grant of asylum typically applies to the applicant's spouse and children as well. An alien who has a Form I-94 can apply for, among other things, lawful permanent resident status. A grant of asylum status does not expire, although USCIS can terminate asylum status if, among other things, it is later discovered that the applicant obtained asylum through fraud or no longer has a well-founded fear of persecution in his or her home country.

5.     If the Asylum Officer determines that the applicant is ineligible for asylum status, and if the applicant is in the United States illegally, the matter is referred to an Immigration Judge at the Executive Office for Immigration Review, an agency of the United States Department of Justice.  The Immigration Judge holds a hearing during which the applicant, and commonly an immigration lawyer, appear before the Immigration Judge and present evidence in support of the asylum application.  In New York City, all immigration hearings take place in New York, New York.  After the hearing, the Immigration Judge renders a decision on the alien's asylum application.  If the Immigration Judge denies the asylum application, the applicant may appeal that decision to the Board of Immigration Appeals ("BIA").  If the applicant loses his or her appeal before the BIA, the applicant may appeal to a federal court.

Overview of the Scheme

6.     This scheme involved the submission of a fraudulent asylum application on behalf of CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendant. From at least in or about September 2017, through August 2019, through the methods described herein, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," the defendant, profited by creating and helping CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendant, submit an asylum application containing a false personal narrative of persecution purportedly suffered by CHANDANA HERATHMUDIYANSELAGE,

3

a/k/a, "Herath," the defendant.

7. In exchange for monetary compensation, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," the defendant, knowingly drafted a false personal narrative of alleged persecution for use by CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendant, in an asylum application to be submitted to the United States Department of Homeland Security and/or the Executive Office for Immigration Review of the United States Department of Justice.

8. In creating an asylum application on behalf of CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendant, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," the defendant, knowingly drafted false statements and representations about, among other things, HERATHMUDIYANSELAGE's personal narrative of alleged persecution and instructed HERATHMUDIYANSELAGE to falsify his asylum application by indicating that he had received no assistance in preparing his asylum application. Nevertheless, HERATHMUDIYANSELAGE signed his application thereby certifying his application as true and correct under penalty of perjury pursuant to Title 28, United States Code, Section 1746.

## Statutory Allegations

9. From at least in or about September 2017, up to and including in or about August 2019, in the Southern District of New York and elsewhere, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," and CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath,"

4

the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, immigration fraud in violation of Title 18, United States Code, Section 1546(a), and false statements in violation of Title 18, United States Code, Section 1001.

10.  It was a part and object of the conspiracy that MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," and CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendants, and others known and unknown, did knowingly make under oath and subscribe as true under penalty of perjury pursuant to Title 28, United States Code, Section 1746, false statements with respect to a material fact in an application submitted pursuant to the immigration laws and regulations prescribed thereunder, and knowingly presented applications, affidavits, and other documents which contained such false statements and which failed to contain a reasonable basis in law and fact, to wit, KODITHUWAKKU assisted HERATHMUDIYANSELAGE, an applicant for asylum, with submitting an application for asylum to the United States Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice, in which HERATHMUDIYANSELAGE knowingly made false statements and representations.

11.  It was also a part and object of the conspiracy that MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," and

CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendants, and others known and unknown, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully did make materially false, fictitious, and fraudulent statements and representations, and knowingly and willfully did make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to wit, KODITHUWAKKU aided and abetted HERATHMUDIYANSELAGE in making false statements and representations to the United States Department of Homeland Security and the Executive Office for Immigration Review of the United States Department of Justice, in the course of HERATHMUDIYANSELAGE's application for asylum.

Overt Acts

12. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about September 3, 2017, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendants, and a confidential source working with the Government ("CS-1"), met and discussed that KODITHUWAKKU would concoct a story of persecution in aid of HERATHMUDIYANSELAGE's asylum application in exchange for

6

$1500.

b.      On or about November 4, 2017, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendants, and CS-1, met and KODITHUWAKKU provided HERATHMUDIYANSELAGE a false story of persecution for HERATHMUDIYANSELAGE's asylum application and instructed HERATHMUDIYANSELAGE to falsely certify by signing the asylum application that he had received no assistance in preparing his asylum application. KODITHUWAKKU told HERATHMUDIYANSELAGE that he would mail HERATHMUDIYANSELAGE's asylum application.

c.      On or about November 30, 2017, the United States Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice received HERATHMUDIYANSELAGE's asylum application.

d.      On or about June 10, 2019, HERATHMUDIYANSELAGE was interviewed by an Asylum Officer and made false statements and representations about, among other things, who assisted him in preparing his application, and that he wrote his personal narrative of persecution and had it translated into English.

e.      On or about August 14, 2019, HERATHMUDIYANSELAGE appeared before an Immigration Judge at the Executive Office for Immigration Review in New York, New York in support of his asylum application.

(Title 18, United States Code, Section 371.)

7

**COUNT TWO**
(Asylum Fraud)

The Grand Jury further charges:

13. From at least in or about September 2017, up to and including in or about August 2019, in the Southern District of New York and elsewhere, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," and CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendants, did knowingly make under oath and subscribe as true under penalty of perjury pursuant to Title 28, United States Code, Section 1746, false statements with respect to a material fact in an application submitted pursuant to the immigration laws and regulations prescribed thereunder, and knowingly presented applications, affidavits, and other documents which contained such false statements and which failed to contain a reasonable basis in law and fact, to wit, KODITHUWAKKU assisted HERATHMUDIYANSELAGE, an applicant for asylum, with submitting an application for asylum to the United States Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice, in which HERATHMUDIYANSELAGE knowingly made false statements and representations.

(Title 18, United States Code, Sections 1546(a).)

**COUNT THREE**
(False Statements)

The Grand Jury further charges:

14. From at least in or about September 2017, up to and

including in or about August 2019, in the Southern District of New York and elsewhere, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," and CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendants, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully did make materially false, fictitious, and fraudulent statements and representations, and knowingly and willfully did make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to wit, KODITHUWAKKU aided and abetted HERATHMUDIYANSELAGE in making false statements and representations to the United States Department of Homeland Security and the Executive Office for Immigration Review of the United States Department of Justice, in the course of HERATHMUDIYANSELAGE's application for asylum.

(Title 18, United States Code, Sections 1001(a)(2) and (3), and 2.)

## COUNT FOUR
(Aggravated Identity Theft)

The Grand Jury further charges:

15. From at least in or about September 2017, in the Southern District of New York and elsewhere, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a

felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, KODITHUWAKKU in preparing and submitting HERATHMUDIYANSELAGE's application for asylum, and aiding and abetting the same, did use and transfer the name, date of birth, alien registration number, and government passport number of an applicant for asylum during and in relation to the asylum fraud and false statements violations charged in Counts One and Three of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## FORFEITURE ALLEGATION

16. As a result of committing the offense alleged in Count One of this Indictment, MADHAWA DUMINDA EDIRISINGHE KODITHUWAKKU, a/k/a "Kevin," and CHANDANA HERATHMUDIYANSELAGE, a/k/a, "Herath," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Assets Provision

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_Shayne Stark_  
Foreperson  8/27/19

_Geoffrey S. Berman_  
GEOFFREY S. BERMAN  
United States Attorney

11

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**MADHAWA DUMINDA EDIRISINGHE
KODITHUWAKKU, a/k/a "Kevin," and
CHANDANA HERATHMUDIYANSELAGE, a/k/a
"Herath,"**

Defendants.

---

**INDICTMENT**

19 Cr. ___

(18 U.S.C. §§ 371, 1001, 1028A, 1546
and 2.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
Foreperson

---

08/27/19
*(CA)*

SEALED INDICTMENT FILED
W/ ARREST WARRANTS
KH PARKER
USMJ